IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 9, 2004

## SKYLA SEPEDA SMITH v. CHERRY LINDAMOOD, WARDEN, and STATE OF TENNESSEE

Appeal from the Criminal Court for Davidson County
No. 3377 J. Randall Wyatt, Judge

No. M2003-01872-CCA-R3-HC - Filed July 7, 2004

The petitioner, Skyla Sepeda Smith, filed a petition for <u>habeas</u> <u>corpus</u> relief in the Davidson County Criminal Court. In the petition she alleged that the conviction she received after pleading guilty to one count aggravated child abuse is illegal and void because a conflict between the guilty plea and the judgment effectively resulted in an illegal sentence. The Davidson County Criminal Court dismissed the petition. Because the petitioner does not present a cognizable claim for <u>habeas</u> <u>corpus</u> relief, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

John C. Ford, Nashville, Tennessee, for the appellant, Skyla Sepeda Smith.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Kathy Morante, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Factual Background

The petitioner was indicted in 1998 on charges of especially aggravated kidnapping, aggravated child abuse, aggravated assault, and child abuse and neglect. Pursuant to a plea agreement with the State, the petitioner pled guilty to one count of aggravated child abuse, as a Class B felony, and received a twelve-year sentence. The plea agreement reflects the sentence as "12 years at 85%." The judgment form reflects that the petitioner was required to serve 100% of her sentence as a violent offender in accordance with Tennessee Code Annotated section 40-35-501(i)(2)(K).

Subsequently, the petitioner filed a petition for post-conviction relief claiming that she was coerced into pleading guilty. See Skyla Sepeda Smith v. State, No. M2000-00035-CCA-R3-PC, 2001 Tenn. Crim. App. LEXIS 51 (Tenn. Crim. App. at Nashville, Jan. 17, 2001), perm. to appeal denied (Tenn. 2001). The petition was denied by the trial court and that decision was affirmed by this Court. Id.

In March of 2003, the petitioner filed a habeas corpus petition in the Davidson County Criminal Court claiming that her facially-valid judgment was void because the hearing transcript and plea agreement supported the inference that she entered a guilty plea to an illegal sentence. The State filed a motion to dismiss which was later granted by the trial court. She appeals, arguing that the trial court erred in dismissing the petition. The State argues that the record supports the trial court's decision to dismiss the petition.

## Habeas Corpus Relief

The grounds upon which habeas corpus relief is warranted are narrow. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). The writ will issue only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

A habeas corpus petition may only be used to challenge judgments that are void and not merely voidable. Id.; Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. The Tennessee Supreme Court has recognized that a sentence imposed in direct contravention of a sentencing statute, i.e., the length or manner of service, for example, is void and illegal. State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). A voidable judgment is one that is facially valid and requires proof beyond the face of the record or the judgment in order to demonstrate its voidableness. Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). A voidable judgment may not be collaterally attacked by means of a habeas corpus petition. Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992); see also Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982) (alleged constitutional violations that render a conviction voidable are properly addressed in post-conviction proceedings, not habeas corpus proceedings).

A trial court is not required, as a matter of law, to grant the writ and conduct an inquiry into the allegations contained in the petition, and if the petition fails to state a cognizable claim, the petition may be summarily dismissed by the trial court. See Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994); Tenn. Code Ann. § 29-21-109.

A petitioner has the burden of establishing by a preponderance of the evidence that the judgment he attacks is void or that his term of imprisonment has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291 (Tenn. 1964). If a petitioner fails to establish by a preponderance of

the evidence that his conviction is void or his term of imprisonment has expired, he is not entitled to immediate release. Passarella, 891 S.W.2d at 627-28.

In the case herein, the petitioner argues that she pled guilty to aggravated child abuse and agreed to a twelve-year sentence to be served at 85%, but that the judgment reflects that she was sentenced to a twelve-year sentence at 100%. The petitioner argues that the plea agreement "contemplates an illegal sentence for her to serve" because in accordance with Tennessee Code Annotated section 40-35-501(i)(2)(K), a defendant sentenced for an aggravated child abuse conviction shall serve 100% of the sentence. The conflict between the plea agreement and the judgment, the petitioner argues, indicate that the sentence is void and thus mandates habeas corpus relief because the "illegality of the sentence is evident on the face of the record."

The petitioner relies on Barry Dunham v. State, No. M2000-02557-CCA-R3-PC, 2002 WL 242356 (Tenn. Crim. App. at Nashville, Feb. 11, 2002), to support her argument. In Dunham, the petitioner sought post-conviction relief based on an unknowing or involuntary plea, ineffective counsel, and an illegal sentence. The petitioner in Dunham pled guilty to second degree murder in exchange for a sentence of twenty-five years. The original judgment reflected that the petitioner was sentenced as a standard Range I offender instead of as a violent offender. An amended judgment was filed indicating that the petitioner was to serve 85% of his sentence prior to becoming eligible for parole. Without an evidentiary hearing, the post-conviction court determined that it was an illegal plea. The State appealed and this Court determined that "the post-conviction court correctly concluded that the record contained enough information to question whether the petitioner understood the ramifications of his guilty plea" where he was misinformed as to the implications of his guilty plea. Id. at *3. As a result, the case was remanded for a new trial.

The distinction between Dunham and the case herein is that in Dunham, the actual judgment reflected an illegal sentence. In the case herein, the sentence reflected on the judgment is a legal sentence that properly reflects the required range of service. Further, Dunham was a post-conviction proceeding while the petitioner herein seeks relief on the basis of habeas corpus.

That being said, the petitioner in this case does not argue that her sentence is expired; therefore, she is a candidate for habeas corpus relief only if the judgment or sentence is void. In that regard, a claim that her plea bargain agreement was not honored in the judgment entered or sentence imposed presents at most a claim of a merely voidable, and not void, judgment or sentence. See Roger T. Johnson v. State, No. M2002-02902-CCA–R3-CO, 2004 WL 443971 (Tenn. Crim. App. at Nashville, March 5, 2004) (determining that petitioner's claim that plea agreement was breached by amendment of judgment did not present a claim for habeas corpus relief); Jeffrey Miller v. State, E2000-01192-CCA-R3-CD, 2001 WL 987154 (Tenn. Crim. App. at Knoxville, Aug. 29, 2001) (holding that when plea bargain was not honored in final judgment petitioner did not present a claim for habeas corpus relief); Paul Barnett v. State, No. E1999-01583-CCA-R3-CD, 2000 WL 782048 (Tenn. Crim. App. at Knoxville, June 20, 2000) (determining that allegation did not rise to level of void sentence where petitioner claimed that he agreed to three-year sentence, but judgment was altered without his knowledge to reflect five-year sentence); Paul G. Hull v. State, No. 02C01-9605-

CC-00183, 1997 WL 346215 (Tenn. Crim. App. at Jackson, June 24, 1997) (concluding that allegation that state failed to abide by terms of plea agreement did not present cognizable habeas corpus claim). We therefore conclude that the petitioner's claim was not cognizable in a petition for writ of habeas corpus as the judgment or sentence is merely voidable. See McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). For that reason alone, the lower court properly dismissed the petition.

Further, the petitioner could have attacked her plea in her post-conviction petition. However, consideration of the present claim as one for post-conviction relief would be improper, because the plea was entered on September 23, 1998, and the time for filing a post-conviction petition has, therefore, expired. Tenn. Code Ann. § 40-30-202(a). This issue is without merit.

## Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE